IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN MILAM & CHRISTOPHER DORSETT, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| SUPERIOR ENERGY SERVICES L.L.C. d/b/a | § | |
| SPC RENTALS, AND WARRIOR ENERGY | § | |
| SERVICES CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFFS' COMPLAINT

Plaintiffs John Milam & Christopher Dorsett file this Complaint against Superior Energy Services L.L.C. d/b/a SPC Rentals ("Superior") and Warrior Energy Services Corporation ("Warrior") (collectively "Defendants") showing the Court as follows:

## INTRODUCTION

1.    Defendants misclassified Plaintiffs as "exempt" from overtime under the Fair Labor Standards Act ("FLSA"),[1] and, as result, deprived them of overtime pay to which they are entitled under the FLSA.  Plaintiffs bring this suit to recover unpaid overtime wages due to them.

## THE PARTIES AND JURISDICTION

2.    Plaintiff John Milam is a natural person residing in Bowie County, Texas.  He was employed by Defendants within three years of the filing of this lawsuit.  He has standing to file this lawsuit.

---

[1]    29 U.S.C. § 201, *et seq.*

3.       Plaintiff Christopher Dorsett is a natural person residing in Nueces County, Texas.  He was employed by Defendants within three years of the filing of this lawsuit.  He has standing to file this lawsuit.

4.       Defendant Superior's principal place of business is in Houston, Texas and may it be served with process through its registered agent: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

5.       Defendant Warrior does business in Texas and may be served through its registered agent.  CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6.       The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.  For several years, Superior has done business in the State of Texas, as well as within this district.  Warrior has done business in Texas since at least January 1, 2013.

7.       The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

8.       Venue is appropriate under 29 U.S.C. § 1391(b)(1) ("A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

**FACTUAL AND LEGAL BACKGROUND**

9.       Plaintiffs had the following job duties while employed by Defendants within the past three years:  They operated cranes in the Midland/Odessa/Pecos area for Defendants out of the Defendants' Odessa office.  Each was called either a Crane Operator or Field Supervisor, even though he did not supervise anyone.

10.      Plaintiffs were paid a flat salary plus a day rate and/or bonus.

11.     As part of their job duties, at least once a week—and usually much more often—Plaintiffs operated company light trucks weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce.

12.     Plaintiffs typically worked several weeks in a row and then had seven to ten days off.  In the weeks in which they worked, Plaintiffs typically worked well over 40 hours per workweek.  Defendants did not pay them overtime in the weeks in which they worked over 40 hours.

13.     In fact, as explained below, given the job duties of Plaintiffs, Defendants misclassified them as being exempt from overtime under the FLSA.  Accordingly, Defendants owe Plaintiffs unpaid overtime and other damages provided for by the FLSA.

14.     The bottom line is that Defendants' misclassified the Plaintiffs as exempt from overtime.  As such, they are entitled to relief under the FLSA.

## FLSA CLAIM FOR OVERTIME PAY

15.     This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et. seq.*

16.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule.   Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).  No exemption applies in this case.

17.     All conditions precedent, if any, to this suit, have been fulfilled.

18.     At all material times, Plaintiffs were employees under the FLSA. 29 U.S.C. § 203(e).

19.     At all material times, Defendants were and are an eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

20.     At all material times, Plaintiffs routinely worked in excess of 40 hours per seven-day workweek and Defendants knew or should have known that to be true.

21.     At all material times, Plaintiffs were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(a)(1).

22.     At all material times, Defendants failed to pay Plaintiffs overtime compensation for hours worked over 40 in a seven-day workweek.

23.     In the three years preceding the filing of this lawsuit, Defendants did not pay overtime to Plaintiffs.

24.     During the three years preceding the filing of this lawsuit, Defendants have treated the Plaintiffs as if they were exempt from overtime under the FLSA.

25.     Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

26.     Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  The purpose of liquidated damages is to "compensate an employee for delay in payment."  *Reich v. Helicopter Servs., Inc*., 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715–16 (1945)).  A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23.  If the court concludes that the employer acted in good faith and had reasonable grounds for believing that the conduct did not violate the FLSA, the court may "award no liquidated damages

or any amount" up to actual damages.  29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

27.     It is the employer's burden to prove good faith and reasonableness.  *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009).  If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award liquidated damages in the full amount.  *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226.  But "[a] finding that defendant's actions were not willful does not preclude a finding that defendant did not act in good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

28.     The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990).  "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'"  *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)).  The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id*. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)).  Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie*

*Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm...." *Id.* (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

29.     Defendants cannot prove "good faith." *See, e.g.*, *Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*, NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

30.     The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## JURY DEMAND

31.     Plaintiffs demand a jury trial.

**DAMAGES AND PRAYER**

Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

a.      Actual damages in the amount of unpaid overtime wages under the FLSA;

b.      Liquidated damages under the FLSA;

c.      Pre-judgment and post-judgment interest;

d.      Court costs;

e.      Reasonable attorneys' fees under the FLSA; and

f.      All other relief to which Plaintiffs are entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:    s/ Edwin Sullivan
       Edwin Sullivan
       State Bar No. 24003024
       S.D. Texas No. 24524
       723 Main Street, Suite 340
       Houston, TX 77002
       (713) 401-3555 – Telephone
       (713) 401-3547 – Facsimile
       ed@osattorneys.com – Email

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFFS