IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOHN MILAM, CHRISTOPHER DORSETT, RANDY MARTIN, MATTHEW WALLER, DAVID TAYLOR, CAMERON DAVIS, & BILL ROWE,** | § § § § § § | **C.A. No. 4:16-cv-00404 Consolidated with 4:16-cv-01104 & Consolidated with 4:16-cv-00576** |
| **and** | § § | |
| **MICHAEL COATES,** | § § | |
| **and** | § § | |
| **RODNEY DEROUEN,** | § § | |
| *Plaintiffs,* | § § | |
| **V.** | § § | |
| **WARRIOR ENERGY SERVICES CORPORATION ET AL.,** | § § § | |
| *Defendants.* | § § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Rodney Derouen ("Plaintiff"), and Defendants Warrior Energy Services Corporation ("Defendant Warrior") and Superior Energy Services, L.L.C. ("Defendant Superior") (collectively, "Defendants") (Plaintiff and Defendants are collectively, the "Parties") seek court approval of the settlement recently reached in this matter. This case has been consolidated into a related matter pending in the United States District Court for the Southern District of Texas, Houston Division: *John Milam et al. v. Warrior Energy Services Corporation*; Civil Action No. 4:16-cv-00404, along with *Michael Coates v. Warrior Energy Services*

*Corporation*; Civil Action No. 4:16-cv-01104. *See* 4:16-cv-00404, Dkt. Entries 15 and 24. This Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice concerns only Plaintiff's lawsuit styled *Rodney Derouen v. Warrior Energy Services Corporation et al.*; 4:16-cv-00576, and is not intended to resolve or dismiss the *Milam* or *Coates* lawsuits.[1]

The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with each the Parties to bear their own respective attorneys' fees and court costs.

## I.       Introduction and Procedural Posture

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA") alleging that Defendants failed to pay Plaintiff overtime wages as required by law. *See* Dkt. Entry No. 1. This case is not a collective action. *See* Dkt. Entry No. 1. The Parties have negotiated and resolved Plaintiff's claim.[2] Now, because the Parties have reached an agreement that disposes of Plaintiff's claim for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request that the Court approve the agreement and dismiss Plaintiff's claim and this case with prejudice.

## II.      Argument & Authorities

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83*

---

[1] On May 3, 2017, this Court granted a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice regarding the claims made in the *Milam* case. *See* Dkt. Entry No. 30. Accordingly, the *Milam* case has been resolved and dismissed, leaving only the *Derouen* and *Coates* lawsuits still pending before this Court.

[2] This case has been consolidated into a related matter pending in the United States District Court for the Southern District of Texas, Houston Division: *John Milam et al. v. Warrior Energy Services Corporation*; Civil Action No. 4:16-cv-00404, along with *Michael Coates v. Warrior Energy Services Corporation*; Civil Action No. 4:16-cv-00576. *See* 4:16-cv-00404, Dkt. Entries 15 and 24. This Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice concerns only Plaintiff's lawsuit styled *Rodney Derouen v. Warrior Energy Services Corporation et al.*; 4:16-cv-00576, and is not intended to resolve or dismiss the *Milam* (which has been dismissed) or *Coates* lawsuits.

*Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012).  In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D. Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id*. at 255 (quoting *Martinez*, 361 F.Supp.2d at 631); see also *Martinez*, 361 F.Supp.2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability.").  A release in compliance with such a compromise is enforceable. *See Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631.  The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA."  See *Martin*, 688 F.3d at n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to the following: Plaintiff's employment, if any, with Defendant Superior; Defendants' liability to Plaintiff, if any; the amount of hours worked by Plaintiff during his employment with Defendants; and the compensation due Plaintiff, if any, based on certain enumerated exemptions to the FLSA asserted by Defendants to be applicable to Plaintiff.  As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, Plaintiff and Defendants have reached a private settlement of all claims, defenses and disputes between them in this case.  During negotiations, and at the time of execution, Plaintiff has the benefit of the undersigned legal counsel, and was aware of his rights under the Fair Labor Standards Act, 29 U.S.C. §206 *et seq.*  By entering into this settlement, Defendants are not admitting any liability or violation of the FLSA, which are specifically denied.

Through negotiations, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Plaintiff, Plaintiff's counsel, Defendants, and Defendants' counsel. In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether Plaintiff is entitled to liquidated damages; (iii) whether Defendants acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any; (v) the disputed amount of overtime hours allegedly worked; (vi) the disputed amount of overtime wages allegedly owed; (vii) the applicability of certain exemptions; (viii) the likelihood of Plaintiff's success on his claim; and (ix) other factual and legal issues. The settlement was negotiated at arms' length. The settlement amount includes both estimated unpaid overtime wages for Plaintiff, an equal amount for liquidated damages, and Plaintiff's attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

Wherefore, Plaintiff and Defendants respectfully request that the Court approve the settlement and enter an agreed order of dismissal of this lawsuit and Plaintiff's claim with prejudice, with each party to bear his or their own court costs and attorneys' fees in conformance with the foregoing stipulation.

/s/ *Charles A. Sturm* (with permission)

Charles A. Sturm
State Bar No. 24003020
Southern District ID No. 21777
Sturm Law PLLC
712 Main Street, Suite 900
Houston, Texas 77002
(713) 955-1800 (Telephone)
csturm@sturmlegal.com
**Attorney for Plaintiff**

/s/ *J. Michael Rose*

J. Michael Rose
State Bar No.: 24041819
Southern District No.: 36797
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
713-226-1684 (Telephone)
mrose@lockelord.com
**Attorney-In-Charge For Defendants**

Scott W. Kendall
State Bar No. 24092618
Southern District ID No. 2498007
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1158 (Telephone)
(713) 223-2578 (Facsimile)
skendall@lockelord.com
**Of Counsel For Defendants**

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 22, 2017, I conferred with counsel for Plaintiff via email regarding the foregoing Joint Motion.  Counsel confirmed that Plaintiff is in agreement with this Joint Motion.

/s/ *J. Michael Rose*
J. Michael Rose
Attorney for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on this May 26, 2017, a true and correct copy of the above and foregoing instrument was served upon counsel of record referenced below via the Court's ECF system.

Edwin Sullivan
Oberti Sullivan LLP
712 Main Street, Suite 900
Houston, Texas 77002
ed@osattorneys.com

Charles A. Sturm
Sturm Law PLLC
712 Main Street, Suite 900
Houston, Texas 77002
csturm@sturmlegal.com

Charles Scalise
Daniel B. Ross
Ross Law Group
1104 San Antonio St.
Austin, TX 78701
Charles@rosslawpc.com

/s/ *Scott W. Kendall*
Scott W. Kendall
Attorney for Defendant